Paul Jones, City Solicitor, for plaintiff, in error.

Heitmann & Friesner, for defendant in error.

## MISCONDUCT OF JURY.                                        140

[Guernsey Circuit Court, December Term, 1892.]

Laubie, Frazier and Woodbury, JJ.

### ROLAND C. PARKER v. GEO. H. BLACKWELDER.

ADMISSION OF JUROR'S VERDICT TO IMPEACH VERDICT.

Proof—Affidavits of jurors not admissible after verdict to impeach same unless evidence *aliunde* is first offered—The affidavit of one of the attorneys in the case, as to statements of jurors to him, not such evidence *aliunde* as to make competent affidavits of jurors themselves as to the same facts.

Error to the Court of Common Pleas of Guernsey county.

In the court of common pleas Blackwelder sued Parker upon some notes. The case was tried to a jury, verdict was rendered for Blackwelder for the full amount claimed, and judgment was entered upon the verdict. Parker moved for a new trial upon the ground of misconduct of the jury, and supported this with the affidavits of three jurors, and that of his attorney. The affidavits of the three jurors disclosed that the jury retired for deliberation on Saturday; that on Saturday evening, by consent of counsel, they were permitted to separate until Monday morning; that at that time they stood six to six upon the issues joined; that on Monday morning when they reassembled, it was represented in the jury room by one or more of their number to those who voted for the defendant below that the defendant below was insolvent, and that a verdict against him would not hurt him; that these three believed this to be true, and accordingly voted for the plaintiff below. The affidavit of the attorney simply disclosed what one of these three jurors, who himself filed an affidavit, had told the attorney, after verdict, of the matters above stated. The court of common pleas overruled the motion.

WOODBURY, J.

The common pleas did not err. Affidavits of jurors cannot be received after verdict to impeach the same unless evidence *aliunde* is first offered; and the affidavit of the attorney did not constitute such a showing *aliunde*, because it simply contained a statement at second hand of what the juror himself testified to in his own affidavit, and the juror's affidavit itself being incompetent, secondary proof of its statements would be likewise incompetent. The court cited Hulet v. Barnett, 10 O., 460; Farrer v. State, 2 O. S., 54; Kent v. State, 42 O. S., 426.

R. W. Anderson, for Parker.

Fred. L. Rosemond, *contra.*